March 22, 2024

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

**Re:**   *Charles Vavra v. Honeywell International Inc.*, No. 23-2823
       **Rule 28(j) Citation to Supplemental Authority**

Dear Clerk:

On March 21, 2024, in *Aaron Norgren v. Minnesota Department of Human Services*, No. 23-1207, the Eighth Circuit reversed in part and remanded. On the same day, in *Joseph Norgren v. Minnesota DHS*, No. 23-1208, the Eighth Circuit affirmed the dismissal of the case, but on modified grounds. A copy of the consolidated decision is attached.

Appellee Honeywell relied on the district court in *Joseph Norgren* to support its argument that opposition to employer-mandated trainings could not support a Title VII retaliation claim. Appellee Br. 29–31. Appellant Vavra argued that Honeywell's reliance was misplaced because the cited language in *Joseph Norgren* related only to whether a constructive discharge had occurred. Reply Br. 13–14.

The Eighth Circuit's decision confirms that Vavra's reading of *Joseph Norgren* is correct. The Eighth Circuit affirmed dismissal of Joseph's constructive-discharge claim because he did not *mention* the employer-mandated training when he gave notice that he planned to retire early. Op. at 11. Here, Honeywell unquestionably fired Vavra after Vavra vociferously and repeatedly objected to the implicit bias training at issue because of its content. *E.g.,* Reply Br. 3–8.

The Eighth Circuit's decision on Aaron Norgren's Title VII retaliation claim, however, has persuasive value. In late 2020, Aaron opposed an employer-mandated training, and the employer failed to give him a requested day off due to severe weather, contrary to employer practice. Op. at 4. Aaron filed an EEOC charge on June 25, 2021. Op. at 6. Three weeks later, he was told he was not eligible for a promotion even though, before the EEOC charge, he had been invited to apply. Op.

at 5–6. The Eighth Circuit held that these allegations were "sufficient to raise a plausible inference of discrimination," a claim that "is further bolstered by the timing, as only three weeks elapsed between the protected conduct and the adverse action." *Id.*

Appellant Vavra's case is even stronger: Honeywell fired him only eight days after his final email, fourteen days after sending his official-complaint email, and one month after his initial complaint. Reply. Br. 19.

Respectfully submitted,

Dated:  March 22, 2024                    */s/ James V. F. Dickey*

James V. F. Dickey (MN #393613)
**UPPER MIDWEST LAW CENTER**
8421 Wayzata Blvd., Suite 300
Golden Valley, Minnesota 55426
james.dickey@umlc.org
(612) 428-7000

Alec J. Beck (MN #201133)
*Counsel of record*
**PARKER DANIELS KIBORT**
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
(612) 355-4119
beck@parkerdk.com


*Attorneys for Plaintiff-Appellant*

2

## CERTIFICATES OF SERVICE AND COMPLIANCE

I hereby certify that on March 22, 2024, I electronically filed the within 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service has been accomplished by the CM/ECF system. I further certify that the body of this filing is 343 words and therefore complies with the word limitations of Fed. R. App. P. 28(j).

Dated:  March 22, 2024    */s/ James V. F. Dickey*

James V. F. Dickey (MN #393613)
**UPPER MIDWEST LAW CENTER**
8421 Wayzata Blvd., Suite 300
Golden Valley, Minnesota 55426
james.dickey@umlc.org
(612) 428-7000