**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

155 N. Wacker Drive
Suite 4300
Chicago, IL 60606
Telephone: 312-558-1220
Facsimile: 312-807-3619
www.ogletree.com

Sam Sedaei
(312) 558-3024
sam.sedaei@ogletree.com

May 10, 2024

**E-File**

Office of the Clerk
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
Everett McKinley Dirksen, United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

  **RE:** Charles Vavra v. Honeywell International, Inc., Case No. 23-2823
     Response to Appellant's Cir. R. 28(j) Citation of Supplemental Authority

To the Office of the Clerk:

  Appellant submitted a copy of a recent decision from the Eighth Circuit Court of Appeals, affirming in part and reversing in part the decision of the district court in *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-489 ADM/TNL, 2023 WL 35903 (D. Minn. Jan. 4, 2023).

  In *Norgren*, the District Court dismissed plaintiff's Title VII retaliation claim because (a) "no facts [were] alleged from which the Court could infer that Norgren engaged in protected activity", and (b) even if Norgren had engaged in a protected activity, the Amended Complaint "fail[ed] to allege facts giving rise to an inference that Norgren suffered a materially adverse employment action" by being denied a religious exemption from attending mandatory diversity training. In finding an absence of an adverse action — an element necessary for both discrimination and retaliation claims — the district court stated that "[r]equiring all employees to undergo diversity training does not amount to abusive working conditions." *Id*. at *4.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Contrary to Vavra's representation, the Eighth Circuit did not affirm dismissal of Joseph's discrimination claim because of a failure to mention the training when giving his retirement notice. The Court did not modify the district court's reasoning for dismissing Joseph's claim and affirmed the alleged adverse actions — including denial of his religious exemption — did not support a constructive discharge claim. See Op. at 10-11. Vavra argues that while the mandatory training could not be sufficient to support a constructive discharge claim, it could be viewed as adverse employment action. Had the Eighth Circuit agreed with that reasoning, it would have revived Joseph's claim.

The Eighth Circuit's decision regarding Aaron's retaliation claim is readily distinguishable. The claim was dismissed at the pleading stage – not at summary judgment, and the Court noted a complaint must only "give plausible support" to the elements of a retaliation claim, which the timing at issue did. Op. at 7-8. Here, in raising the timing issue, Vavra again fails to acknowledge months of alerts, reminders and e-mails he received about Honeywell's mandatory training, the consequences of his refusal, and his ability to avoid termination until the last day.

**DATED:** May 10, 2024.  Respectfully submitted,

By:     */s/ Jennifer Colvin*
One of the Attorneys for Defendant
**HONEYWELL INTERNATIONAL, INC.**

Jennifer Colvin (ARDC No. 6274731)
Sam Sedaei (ARDC No. 6317657)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: 312.558.1220
jennifer.colvin@ogletree.com
sam.sedaei@ogletree.com

Office of the Clerk
May 10, 2024
Page 3

## CERTIFICATE OF COMPLIANCE
### WITH F.R.A.P. 28(j)

1.  This letter complies with the type-volume limitation of FED. R. APP. P. 28(j), because this letter contains 349 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2.  This letter complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and Cir. R. 32, and the type style requirements of FED. R. APP. P. 32(a)(6) because this letter has been prepared in a proportionally spaced typeface using Microsoft Word in 12 point, Century Schoolbook font.

Date:  May 10, 2024                    /s/ *Jennifer Colvin*
                                       Attorney for Defendant-Appellee
                                       HONEYWELL INTERNATIONAL, INC.

Office of the Clerk
May 10, 2024
Page 4

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant-Appellee Honeywell International, Inc. certifies that on May 10, 2024, she electronically filed the foregoing *Response to Letter re Rule 28(j) Citation to Supplemental Authority of Defendant-Appellee Honeywell International, Inc.* and electronic service of that filing will be made on all participants via the CM/ECF system of the Clerk of Court for the United States Court of Appeals for the Seventh Circuit.

      /s/ *Jennifer Colvin*
      Attorney for Defendant-Appellee
      Honeywell International, Inc.